Filed 8/3/26  P. v. Randhawa CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>IQBAL SINGH RANDHAWA,<br><br>        Defendant and Appellant. | A173587<br><br><br>(Solano County<br>Super. Ct. No. FCR347029) |

This case is before us for a second time.  Our prior opinion reversed defendant's convictions based on instructional error.  (*People v. Randhawa* (Dec. 22, 2023, A163938) [nonpub. opn.] (*Randhawa*).)  Defendant was retried on remand.  He was again convicted of 11 felony counts of grand theft/embezzlement (Pen. Code, §§ 487, 506); one count of failure to provide travel services or return money (Bus. & Prof. Code, § 17550.14, subd. (a)(1)); and one count of encumbering money from a trust account (Bus. & Prof. Code, § 17550.15, subd. (c)).  The trial court found true the allegation that defendant was out on bail when he committed two of the embezzlement charges.  It also found true certain aggravating factors.  Defendant was sentenced to a total of nine years four months in county jail, which was the same sentence previously imposed after defendant's first trial.

Defendant's appointed appellate attorney filed a brief asking that we independently review the record, pursuant to *People v. Wende* (1979)

1

25 Cal.3d 436 (*Wende*), to determine if there is any arguable issue on appeal. Defendant filed a supplemental brief, which we discuss *post*.

## BACKGROUND

In August 2021, defendant was convicted by a jury of 12 counts of grand theft/embezzlement (Pen. Code, §§ 487, 506); one count of failure to provide travel services or return moneys (Bus. & Prof. Code, § 17550.14, subd. (a)(1)); and one count of encumbering money from a trust account (Bus. & Prof. Code, § 17550.15, subd. (c)). Our prior decision found that the trial court prejudicially erred when it failed to instruct the jury to disregard previous deliberations and begin anew after replacing one of the original jurors with an alternate juror during deliberations. (*Randhawa, supra*, A163938.)

On remand, the People filed a second amended information alleging 18 counts of grand theft/embezzlement (Pen. Code, §§ 487, 506); one count of failure to provide travel services or return moneys (Bus. & Prof. Code, § 17550.14, subd. (a)(1)); one count of encumbering money from a trust account (Bus. & Prof. Code, § 17550.15, subd. (c)); and an "out-on-bail" enhancement (Pen. Code, § 12022.1). Defendant moved to dismiss certain of the grand theft/embezzlement counts as to which he was acquitted in his first trial. The People agreed to dismiss those counts. On January 6, 2025, the People filed a third amended information alleging 12 counts of grand theft/embezzlement; the two Business and Professions Code violations; the out-on-bail enhancement as to two of the grand theft/embezzlement counts;

2

and the multiple aggravating factors under California Rules of Court, rule 4.421.[1]

In defendant's second trial, after remand, nine individual victims testified that they purchased airline tickets from defendant for travel between the United States and either India or Pakistan. They paid defendant and received travel itineraries. Later, they learned they did not have valid tickets or they had one-way tickets instead of round-trip tickets. The victims received either no refund or only a partial refund from defendant. Another victim testified that he purchased tickets to India using his credit card and was able to travel to India. However, he later learned defendant charged an additional $48,000 to his credit card. Defendant told the victim it was a mistake and he would pay him back, but he did not repay the victim.

A regional sales manager of Sky Bird Travel testified that Sky Bird Travel is a wholesaler that contracts directly with airlines to negotiate reduced airfares. It then sells the tickets to travel agents who, in turn, sell to their customers. M & K Travel Services registered with Sky Bird Travel, and defendant was the contact for M & K Travel Services. Defendant defaulted on $38,423.14 owed to Sky Bird Travel. Sky Bird Travel contacted defendant by phone, email, and in person, seeking payment of the debt. Defendant said he did not have the money, and he never paid Sky Bird Travel.

Department of Justice Investigative Auditor Shirley Weber investigates and audits travel agents as part of the seller of travel regulatory program. Weber first learned of M & K Travel Services in 2004 and 2005, when she assisted in investigations of the company. She explained that travel agents'

---

[1] During the second trial, the People dismissed one of the grand theft/embezzlement counts and the jury was instructed that it no longer needed to decide count 3.

customers are required to receive a ticket within 72 hours of payment and that if an agent cannot deliver a ticket, the agent must refund the payment to the customer. She also explained that a travel agent is required to hold customers' payments for airfare in designated trust accounts for client funds. M & K Travel Services accounts included withdrawals for non-travel-related services. There are some exemptions from the trust account requirement, but during the period between 2017 and 2020, M & K Travel Services was not eligible for any of the exemptions.

The jury convicted defendant on all counts charged in the third amended information, with the exception of count 3, which was withdrawn from the jury's consideration prior to deliberation. Defendant waived his right to a jury trial on the aggravating factors and the out-on-bail enhancement. The trial court found true the out-on-bail enhancement (Pen. Code, § 12022.1) as to counts 11 and 12. It also found true the following circumstances in aggravation: the crime involved a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1)) as to counts 2 and 4; the victims were particularly vulnerable (*id.*, rule 4.421(a)(3)) as to counts 4, 6, and 11; the manner in which the crime was carried out indicates planning, sophistication, or professionalism (*id.*, rule 4.421(a)(8)) as to counts 1–12; and the crime involved an attempted or actual taking or damage of great monetary value (*id.*, rule 4.421(a)(9)) as to counts 8 and 10. The People's sentencing memorandum stated defendant's maximum sentencing exposure was 13 years; however, due process and double jeopardy principles prohibited imposing a sentence greater than his original sentence after his first trial. (*People v. Thompson* (1998) 61 Cal.App.4th 1269, 1275–1276 [double jeopardy clause prohibits imposition of a greater sentence following retrial].) Defendant requested mandatory supervision.

4

The trial court sentenced defendant to a total term in county jail of nine years four months, comprised of two years (the middle term) on count 1 (Pen. Code, §§ 487, 506) consecutive to eight-month terms (one-third the middle term) on counts 2, 4, 5, 6, 7, 8, 11, and 12 (Pen. Code, §§ 487, 506), consecutive to two years for the out-on-bail enhancement. Defendant was also sentenced to concurrent terms of three years on counts 9 (Pen. Code, §§ 487, 506) and 10 (Pen. Code, §§ 487, 506), and the trial court imposed and stayed three-year terms on counts 13 (Bus. & Prof. Code, § 17550.14, subd. (a)(1)) and 14 (Bus. & Prof. Code, § 17550.15, subd. (c)). The trial court ordered restitution of $124,590.48 to the California Victim Compensation Board, based on the amount of the victims' direct losses. Defendant was given 2,301 days of credit for time served.

## DISCUSSION

Defendant's appointed counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, which summarized the facts and proceedings of the case, asserted no claims of error, and asked us to independently review the record for reasonably arguable appellate issues. Defendant filed a supplemental brief raising 11 contentions. As required by *People v. Kelly* (2006) 40 Cal.4th 106, we will describe defendant's contentions and the reasons they fail. (*Id.* at p. 124.)

Defendant's first and second contentions relate to alleged ineffective assistance of counsel at his first trial based on his counsel's alleged failure to introduce certain evidence. Defendant filed a petition for writ of habeas corpus in conjunction with his appeal from his first trial alleging ineffective assistance of counsel.[2] We reversed defendant's conviction after

---

[2] We grant defendant's request for judicial notice of his petition for a writ of habeas corpus filed in conjunction with his prior appeal.

5

his first trial based on instructional error (*Randhawa, supra*, A163938), and we denied his petition for writ of habeas corpus as moot. On remand, defendant was represented by new counsel. Any claim of ineffective assistance of counsel at defendant's first trial is moot.

Defendant complains that his oral motion objecting to the refiling of his case pursuant to Penal Code section 1473.6 was denied. Our independent review of the record does not reveal that defendant made a motion objecting to refiling under section 1473.6. Nor does section 1473.6 apply here. Section 1473.6 states that a person no longer unlawfully imprisoned or restrained may prosecute a motion to vacate a judgment based on newly discovered evidence of fraud, misconduct, or false testimony of a government official. Although defendant alleges two of the victims presented false testimony, he does not refer to any newly discovered evidence of fraud, misconduct, or false testimony by a government official. Nor does defendant present any argument as to why it was improper for the People to refile charges after this court reversed his conviction based on instructional error.

Defendant alleges ineffective assistance of counsel and complains that the trial court erred in denying his motion, made on November 18, 2025, for an extension of the trial date to allow him to retain a private attorney, and in denying his January 7, 2026, *Marsden* motion.[3] On November 18, 2025, when defendant requested a continuance to allow him to retain private counsel, the trial date was set for January 8, 2025. However, on January 7, 2025, the trial court continued the trial until April 3, 2025. Defendant apparently did not seek private counsel after he learned of the four-month continuance, and instead, he made a *Marsden* motion. The trial court held a closed hearing on defendant's *Marsden* motion on January 7, 2025.

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

6

Defendant expressed concern about certain evidence not being presented at his first trial, during which he was represented by a different public defender, and a failure of his current counsel to file a motion to dismiss certain counts and petitions for writs of habeas corpus. Defense counsel explained she did not believe there was a legal basis for filing the petitions and motions defendant referenced. The trial court denied the *Marsden* motion, finding that defense counsel's representation of defendant was "more than adequate" and noting that she filed motions to have defendant released from custody and successfully obtained dismissal of multiple counts. Defendant has not established that the trial court's denial of his *Marsden* motion was an abuse of discretion. (*People v. Cole* (2004) 33 Cal.4th 1158, 1190.)

Defendant argues two of the victims who testified, as to counts 1 and 2, presented false testimony when they said they never used the airline tickets they purchased from him. Witness credibility determinations are made by the jury and may not be contested on appeal. (*People v. Ware* (2022) 14 Cal.5th 151, 167.) The witnesses testified that after they paid defendant for airline tickets, they learned the tickets were canceled and then purchased separate tickets. Substantial evidence supports the defendant's convictions on counts 1 and 2. (*People v. Holt* (1997) 15 Cal.4th 619, 667.) Defendant claims travel itineraries not presented to the jury prove the victims used the tickets purchased from him, and he refers to his declaration and attachments. These documents are not part of the appellate record and cannot be reviewed on appeal. (*People v. Kelly, supra*, 40 Cal.4th at p. 126.)

Defendant contends generally there is insubstantial evidence to support his convictions on counts 1–12 because there was no testimony from airline representatives as to the cause of the disruption of the victims' travel

plans. The victims' testimony is substantial evidence supporting defendant's convictions. (*People v. Holt, supra*, 15 Cal.4th at p. 667.)

Defendant contends that neither he nor M & K Travel Services is responsible for the additional charges to one of the victim's credit cards after the victim purchased airfare from him, which is alleged in count 8. The victim testified he used his credit card to pay M & K Travel Services $3,180 for three tickets to India. He later learned an additional $48,000 was charged to his credit card for purchases he did not make. He contacted defendant, who told him that the charges were a mistake and he would pay back the victim. Defendant did not repay the victim. Substantial evidence supports defendant's conviction on count 8. (*People v. Holt, supra*, 15 Cal.4th at p. 667.)

Defendant asks that his conviction on count 10, alleging grand theft/embezzlement as to Sky Bird Travel, be dismissed because his failure to pay Sky Bird Travel, a wholesale supplier, constitutes a breach of contract. Defendant's contention that he had a revolving line of credit with Sky Bird Travel is not supported by the record. A representative of Sky Bird Travel testified that defendant purchased tickets through Sky Bird Travel and paid by checks that bounced. The total amount of unpaid tickets was $38,423.14. When the Sky Bird Travel representative asked defendant for payment, defendant said he did not have the money. Defendant never paid Sky Bird Travel the amount due. Substantial evidence supports defendant's conviction on count 8. (*People v. Holt, supra*, 15 Cal.4th at p. 667.)

Defendant contests his conviction on count 14, encumbering money from trust account (Bus. & Prof. Code, § 17550.15, subd. (c)), on the basis that M & K Travel Services was exempt from having a trust account. Defendant's contention is without merit. The Department of Justice investigator testified

8

that although there are certain exemptions to the trust account requirement, M & K Travel Services was not eligible for any exemptions during the relevant time period, from 2017 to 2020.

Defendant contends there was an irregularity in the jury instructions because the trial court delivered the instructions before closing argument and without stating the evidence was closed. Any irregularity due to the oversight in failing to close evidence before instructing the jury was expressly waived by both parties when the trial court raised the issue immediately after completing its instructions. Nor is there anything improper about instructing the jury before closing arguments.

Finally, defendant complains of a lack of verdict unanimity based on the trial court's failure to poll the jury after the foreperson confirmed the jury's verdicts as read by the court clerk. After the verdicts were read, the trial court confirmed with the jury foreperson that they were jury's verdicts. The court then asked whether either party wished to have the jury polled. Both sides stated they did not. In the absence of a party's request, the trial court is not required to poll the jury. (*People v. Anzalone* (2013) 56 Cal.4th 545, 555; Pen. Code, § 1163.)

We conclude defendant's contentions raised in his supplemental brief are without merit. We have conducted an independent review of the record on appeal pursuant to *Wende*, and we conclude there are no reasonably arguable appellate issues. (*Wende, supra*, 25 Cal.3d at pp. 440–441.) We are satisfied that appellate counsel has fully complied with her responsibilities. (*People v. Kelly, supra*, 40 Cal.4th at pp. 108–110.)

## DISPOSITION

The judgment is affirmed.

9

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A173587/*People v. Iqbal Singh Randhawa*